**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LEYLANE J.P.B.,

Petitioner,

v.

DAVID EASTERWOOD, *Director, St. Paul Field Office, Immigration and Customs Enforcement*;

DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

TODD BLANCHE, *Attorney General of the United States*.[1]

Respondents.

Civil No. 26-4169 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO TRANSFER VENUE**

---

Jackson Kennedy, Timothy Sanders Szabo, **STINSON LLP,** 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Petitioner.

Carl Berry, David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

---

[1] Automatically substituted for successor under Fed. R. Civ. P. 25(d).

Petitioner Leylane J.P.B. was arrested and detained by immigration officials on May 28, 2025, following a routine check-in with Immigration and Customs Enforcement in St. Paul, Minnesota. Leylane J.P.B. petitions for a writ of habeas corpus. Respondents have moved to dismiss or transfer venue. Because the Court concludes that Petitioner's last known location was Louisiana at the time the petition was filed and the appropriate venue is in the United States District Court for the Western District of Louisiana, the Court will grant Respondent's motion to transfer venue.

**BACKGROUND**

Petitioner Leylane J.P.B. is a citizen of Cuba. (Pet. Writ. of Habeas Corpus ("Pet.") ¶ 10, Sept. 26, 2026, Docket No. 1.) Petitioner entered the United States and was released on recognizance in September 2021. (*Id.*) On December 4, 2025, an Immigration court granted Petitioner's Voluntary Departure Order. (*Id.* ¶ 20, Ex. A.) On February 3, 2025, Petitioner's voluntary removal order converted to a final order of removal after Cuba refused his return. (*Id.* ¶ 23.) On May 28, 2025, petitioner was detained by ICE while he was reporting to the ICE Saint Paul Field office. (*Id.* ¶ 24; Decl. of Steven Draves ("Draves Decl.") ¶ 4, Oct. 1, 2026, Docket No. 8.) Petitioner has remained in ICE custody since that date. (Pet. ¶ 2.) Petitioner resided in Minnesota until his detention. (*Id.* ¶¶ 19, 24.)

On May 28, 2025, Petitioner was transferred for detention outside of Minnesota. (Draves Decl. ¶ 5.) Since his initial detention in Minnesota, Petitioner has

been transferred to detention facilities in Iowa, Texas, Arizona, and Louisiana. (Pet. ¶ 24; Draves Decl. ¶ 6.) At the time this Petition was filed, Petitioner's counsel had not been able speak to Petitioner, despite several attempts to do so. (Pet. ¶¶ 25–28.) On September 24, 2026, Petitioner's counsel learned that Petitioner was being detained at the Winn Correctional Facility in Winn Parish, Louisiana. (Pet. ¶ 28.) On September 25, 2026, after Petitioner did not appear at their scheduled zoom call, Petitioner's counsel emailed the New Orleans ICE Field Office asking for Petitioner's location. (*Id.*) On September 26, 2026, the date that this petition was filed, Petitioner's counsel had yet to receive a response about where Petitioner was located. (*Id.* ¶ 29.)

Respondents represented to the Court that Petitioner was being detained at the Winn County Correctional Facility in Winn Parish, Louisianna. (Draves Decl. ¶¶ 6–7.) However, on October 5, 2026, during Petitioner's five-minute, non-confidential call with his counsel, Petitioner's counsel was informed that Petitioner was actually detained at the Alexandria Staging Facility in Louisiana. (Decl. of Timothy Sanders Szabo ("Szabo Decl.") ¶ 41, Oct. 7, 2026, Docket No. 14.) Indeed, Petitioner had never been detained at the Winn County Correctional Facility, but instead had been detained at the Alexandria Staging Facility since September 23, 2026. (*Id.*)

**DISCUSSION**

Generally, the proper venue for the filing of a habeas petition is the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). An exception exists when a

detainee is held in an undisclosed location by an unknown custodian such that it would be impossible to apply the district of confinement rule. *Id*. at 450 n.18. Courts within this District have held that the exception applies when petitioner's location is unknown at the time of filing, where immigration authorities have not disclosed where the petitioner is being detained, or where circumstances have prevented contact with counsel. *See Adriana M.Y.M. v. Easterwood*, Civ. No. 26-213, 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2025) (discussing exceptions to the district of confinement rule).

Respondents have moved to dismiss the Petition without prejudice, or to transfer to the Western District of Louisiana. While the Court acknowledges that Respondents misrepresented to both the Court and Petitioner's counsel the facility in which Petitioner was being detained, it was known to the Parties at the time the petition was filed that Petitioner was most recently detained in the state of Louisiana. (*See* Pet. ¶ 27 (stating that Petitioner's counsel learned that Petitioner was being detained at the Winn Correctional Facility in Louisiana).) Counsel was not able to speak with Petitioner until the Court ordered Respondents to facilitate a call, but Counsel was still aware at the time of filing that Petitioner's latest detention location was in Louisiana. (*Id.*) And while Respondents did not respond to Petitioner's counsel when he inquired about Petitioner's location on September 25, 2026, there was no indication that Petitioner was anywhere but in Louisiana—or that Petitioner was in Minnesota.

The Court notes that Respondents' failure to accurately report to both the Court

and Petitioner's counsel where Petitioner was being detained is a matter of serious concern. Respondents' failure to facilitate a call between Petitioner and his Counsel despite repeated attempts to do so is equally concerning. However, Respondents' misrepresentation of Petitioner's whereabouts—whether intentional or a result of internal disarray—is not alone sufficient to confer jurisdiction to the Court. Because Petitioner's last known location was in Louisiana at the time of filing, and there was no indication that he had been moved outside of that state, the circumstances here do not fall under the *Padilla* exception. As such, this District is not the appropriate venue for this Petition.

Accordingly, the Court will order that this matter be transferred to the United States District Court for the Western District of Louisiana.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Motion to Transfer Venue (Docket No. [5]) is **GRANTED,** the Motion to Dismiss for Lack of Jurisdiction is **DENIED,** and this matter is **TRANSFERRED** to the Western District of Louisiana. The Clerk of Court is directed to effectuate the transfer without delay.

DATED: October 15, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge